IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO PUBLIC REGULATION COMMISSION,

    Plaintiff,

and                                                No. CV 18-1104 KG/JHR

PUBLIC SERVICE COMPANY OF NEW MEXICO,
WESTMORELAND COAL COMPANY, and
BHP BILLITON NEW MEXICO COAL, INC.,

    Plaintiffs-in-Intervention,

v.

THE NEW MEXICAN, INC.,

    Defendant/Counter-plaintiff,

v.

NEW MEXICO PUBLIC REGULATION COMMISSION,
PUBLIC SERVICE COMPANY OF NEW MEXICO,
WESTMORELAND COAL COMPANY, and
BHP BILLINTON NEW MEXICO COAL, INC.,

    Counter-defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the removing parties Westmoreland Coal Company (Westmoreland), BHP Billiton New Mexico Coal, Inc. (BHP), and Public Service Company of New Mexico's (PNM) Joint Motion to Transfer Case to the United States Bankruptcy Court for the Southern District of Texas Houston Division, filed on November 30, 2018 (Doc. 8). The New Mexican, Inc.'s (The New Mexican) and New Mexico Public Regulation Commission's (NMPRC) responses were filed December 14, 2018, and BHP and PNM's reply was filed on December 28, 2018. (Docs. 14, 15, 18). Also before the Court are

1

NMPRC's and The New Mexican's Motions to Remand to State Court (Docs. 10, 13). BHP and PNM's responses were filed on December 21, 2018, and December 28, 2018. (Docs. 16, 17). The New Mexican's and PNM's replies were filed January 7, 2019, and February 4, 2019. (Docs. 20, 23). For the following reasons the Court denies the motion to transfer venue to the Texas Bankruptcy Court (Doc. 8) and grants the motions to remand (Docs. 10, 13).

I.    *Background*

The underlying litigation began on August 6, 2015, when the NMPRC filed an emergency TRO petition in New Mexico's First Judicial District Court. (Doc. 5) at 1. NMPRC asked the state court to enjoin The New Mexican from using or publishing certain confidential documents from PNM. *Id.* at 11. NMPRC had inadvertently disclosed the PNM documents following The New Mexican's request for public records. *Id.* at 4-5. PNM, Westmoreland, and BHP intervened. They also wished to keep the documents confidential. (Doc. 1) at 1.

On July 26, 2016, The New Mexican filed various counterclaims against NMPRC, PNM, Westmoreland, and BHP. (Doc. 1-1). The New Mexican alleged those defendants engaged in malicious abuse of process; violated the First Amendment; and participated in a conspiracy. *Id.* at 17-21. The New Mexican sought declaratory relief and unspecified money damages. *Id.* at 22. The parties litigated in state court for over two years.

On October 9, 2018, Westmoreland filed a Chapter 11 petition in the Texas Bankruptcy Court, Case No. 18-35672. (Doc. 1) at 2. On November 27, 2018, Westmoreland, PNM, and BHP removed the state court lawsuit to this Court. (Doc. 1). Westmoreland, PNM, and BHP then filed a joint motion to transfer this case to the Texas Bankruptcy Court. (Doc. 8). NMPRC and The New Mexican oppose the transfer. They also filed motions to remand the case to state court. (Docs. 14-15). NMPRC and The New Mexican did not file claims in the bankruptcy case

and do not seek payment from the bankruptcy estate. *See* Claims Registrar, Case No. 18-35672. PNM and BHP filed unsecured claims against Westmoreland's bankruptcy estate. They filed the claims in the event the state court suit gives rise to a claim for contribution or indemnity against Westmoreland. (Docs. 16-1 and 16-2).

By an Order entered March 2, 2019, the Bankruptcy Court confirmed Westmoreland's Chapter 11 plan of reorganization. (Doc. 1561 in Case No. 18-35672). The reorganization plan provides that all general unsecured claimants (which includes PNM and BHP) will receive a pro rata share of the General Unsecured Claims fund. (Doc. 1561 in Case No. 18-35672) at 71. The reorganization plan does not impact The New Mexican and NMPRC because neither party seeks payment from the estate.

## II. Discussion

The Notice of Removal cites the bankruptcy removal statute (28 U.S.C. § 1452) and the district court removal statutes (28 U.S.C. §§ 1441, 1446). The case is not removable under the district court statutes because the removing parties received notice of The New Mexican's counterclaim in 2016 (*i.e.* more than 30 days after receipt of service of the pleading). The Court will therefore analyze the removal under 28 U.S.C. § 1452.

Section 1452 statute allows a party to remove a cause of action related to a bankruptcy case, provided the Federal Court can exercise bankruptcy jurisdiction under 28 U.S.C. § 1334. Section 1452 further provides the cause of action may be remanded on "any equitable ground." The Court will therefore determine: (1) whether the Texas Bankruptcy Court could exercise jurisdiction if the case were transferred; and (2) whether the equities favor a remand. The Court denies the removing parties' request to allow the Texas Bankruptcy Court to rule on remand in the first instance. (Doc. 18) at 2. The Court will not transfer venue without being satisfied that

the transferee court has at least a colorable claim to jurisdiction.

Section 1334 grants bankruptcy jurisdiction over three kinds of proceedings: (1) those "arising under" Title 11 of the United States Code; (2) those "arising in" a case under Title 11, and (3) those "related to" a case under Title 11. *See* 28 U.S.C. § 1334(b). The claims here were filed in state court three years before the bankruptcy proceeding. They do not arise under the Bankruptcy Code, nor did they arise in the bankruptcy case.

After reviewing the record, it also does not appear that the claims are sufficiently "related to" Westmoreland's bankruptcy case to give rise to federal jurisdiction under Section 1334. An action is "related to" the bankruptcy case if the outcome of the underlying proceeding could impact the debtor's rights, liabilities, or the administration of the estate. *See In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990). Here, Westmoreland's rights, liabilities, and repayment obligations are governed by its reorganization plan. The bankruptcy docket reflects that the plan has already been confirmed. If Westmoreland becomes liable to PNM and BHP for contribution at some point, it will not impact Westmoreland. At most, the underlying litigation could impact the distribution to one class of creditors, but any delay would likely be immaterial in a case this size. Hence, the resolution of the bankruptcy case does not - as the removing parties argue - turn on the outcome of the underlying litigation. (Doc. 18) at 2.

Alternatively, even if the matter were "related to" the bankruptcy case for purposes of Section 1334, it does not appear the Texas Bankruptcy Court can enter a final judgment in the underlying action. *Stern v. Marshall*, 131 S. Ct. 2594 (2011), held that absent consent by the non-debtor parties, bankruptcy courts "lack[] the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." The New Mexican does not consent to bankruptcy jurisdiction. The New

Mexican raised a state law counterclaim against Westmoreland, PNM, and BHP. Those claims will not be resolved in the claims-allowance process because The New Mexican did not file a proof of claim in Westmoreland's bankruptcy case.

For these reasons, it does not appear the Texas Bankruptcy Court has jurisdiction over, or authority to enter final judgments in, the underlying action. Therefore, the action should be remanded to state court, rather than transferred to the Texas Bankruptcy Court.

The result would not change based on the removing parties' equitable arguments. (Docs. 16, 17). PNM and BHP cite *In re Drexel Burnham Lambert Group, Inc.,* 130 B.R. 405, 407 (S.D.N.Y. 1991), which sets forth the following factors to consider in connection with a Section 1452 remand:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

The factors favor a remand. As discussed above, the Court is not convinced the underlying action impacts the bankruptcy estate or is sufficiently related to the Chapter 11 case, even considering any delays by the state court. The dispute involves a newspaper and state utilities, and the claims primarily arise under New Mexico state law. The New Mexican demanded a jury trial, which the Bankruptcy Court cannot conduct. The original plaintiff and defendant do not want to proceed in Bankruptcy Court, and The New Mexican would be prejudiced by having to litigate in Texas. Finally, the fact that a different state court judge may be assigned (*see* Doc. 23) is immaterial to whether federal jurisdiction exists.

5

*III.    Conclusion*

The Court, in its discretion, denies the motion to transfer venue to the Texas Bankruptcy Court (Doc. 8).  The Court will grant the motions to remand (Docs. 10 and 13) and remand this case to New Mexico's First Judicial District Court.

IT IS THEREFORE ORDERED that the Joint Motion to Transfer Case to the United States Bankruptcy Court for the Southern District of Texas Houston Division (Doc. 8) is denied; and the Motions to Remand to State Court (Docs. 10, 13) are granted.

_____
UNITED STATES DISTRICT JUDGE